IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CONTINENTAL WESTERN INSURANCE
COMPANY, a foreign corporation,

      Plaintiff,

v.                                                                  Civ. No. 05-0067 RB/RLP

PIMENTEL & SONS GUITAR MAKERS, INC.,
a New Mexico corporation, *et al.*,

      Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Compel. This case is a Declaratory Judgment action in which Plaintiff seeks a ruling that it has no obligations to defend or indemnify Defendants in an ongoing lawsuit, Civ. 04-0360 JP/RLP. *See* Amended Complaint by Insurer for Declaration of Rights Under Insurance Policy [Doc. 4]. The specific provision in question concerns the meaning of "advertising injury" under the policy.

On May 2, 2005 Defendants served Plaintiffs with interrogatories and requests for production of documents. All of the discovery requests (except one request for production not at issue here) were objected to on the grounds that the information sought was not relevant and that it was unduly burdensome.[1] These objections form the basis of Defendants' Motion to Compel.

---

[1] The court cannot consider Plaintiff's unsupported objection of "unduly burdensome" because Plaintiff has failed to come forward with any information, by way of affidavit or otherwise, as to how and why identification and production would be burdensome. The court has no idea if the requests entail one policy or 10,000 policies.

Interrogatory number 1 has five sub-parts requesting identifying information "[f]or every legal action brought by you or against you regarding any advertising injury provision of any business policy issued by you, or defense of a trademark infringement action under any business policy provision in the last five years . . . ." The identifying information is the insurance policy, name of the insured, whether or not legal proceedings were brought and, if so, the caption of the case; the name of the adjuster making coverage decisions; and listing any final order, judgment or settlement documents issued or executed in any identified court cases. Interrogatory number 2 asks the same identifying information "[f]or every cause of action that you have tendered defense under any advertising injury provision of any business policy issued by you in the last five years . . . ."

The four requests for production of documents at issue seek all documents identified in the two interrogatories (policies, pleadings, judgments, briefs, orders, and settlement agreements) and were objected to on the same grounds.

In response to Plaintiff's contention that the information sought is not relevant, Defendants argue that the information might be helpful for its response to Plaintiff's summary judgment motion and to assist the court in the event the policy is found to be ambiguous. *See* Defendants' Reply to Plaintiff's Response to Motion to Compel [Doc. 24] at 3-4.

Relevancy in discovery is defined very broadly. Nevertheless, the court agrees with Plaintiff that the requests are disproportionate to the dispute at issue: whether a policy provision requires the insurance company to defend and indemnify. *See Leksi, Inc. v. Federal Ins. Co.* 129 F.R.D. 99, 106 (D.N.J. 1989) ("The information which Leksi seeks

concerning the files of other insureds is disproportionate to the declaratory judgment action it has filed.") Without more than the assertion that the discovery might assist the court in resolving a contractual ambiguity, the discovery will be denied.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel [Doc. 19] is denied.

                                        Richard L. Puglisi
                                        United States Magistrate Judge

For the Plaintiff:     Scott P. Hatcher, Esq.

For the Defendants:  Dennis Armijo, Esq.
                           Michael W. Wile, Esq.