IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CONTINENTAL WESTERN INSURANCE
COMPANY, a foreign corporation,**

      **Plaintiff,**

vs.                                                No. CIV 05-0067 RB/RLP

**PIMENTEL & SONS GUITAR MAKERS,
INC., a New Mexico corporation, LORENZO
PIMENTEL, RICK PIMENTEL and ROBERT
PIMENTEL,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court on Plaintiff's ("Continental's") Second Motion for Summary Judgment (Doc. 44), filed on December 16, 2005. Jurisdiction is founded upon 28 U.S.C. § 1332. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, I find that this motion should be denied.

**I.**     **Background.**

      Continental seeks a declaration that there is no coverage under a commercial general liability policy issued to Pimentel & Sons Guitar Makers ("Pimentel & Sons"). Except to the extent necessary, the facts and procedural posture of the case set forth in my Memorandum Opinion and Order (Doc. 42), dated November 16, 2005, will not be repeated here.

      My November 16, 2005 Memorandum Opinion and Order denied Continental's first summary judgment motion on the question of the duty to defend. Specifically, I determined that the factual allegations in the counterclaims and third party claims, construed in favor of the insured, could well

fall within the policy definition for advertising injury and that no exclusion clearly applied for the purposes of the duty to defend.

On December 16, 2005, Continental filed a second motion for summary judgment, arguing that the policy's exclusion for "Infringement of Copyright, Patent, Trademark or Trade Secret" relieved it of its duty to defend, as well as its duty to indemnify, and reasserted all other arguments that were raised in its original motion for summary judgment.[1] Continental's argument fails for two reasons: (1) the trademark exclusion does not clearly relieve Continental of its duty to defend, and (2) Continental's duty to defend continues until the insurer establishes that all claims against the insured arose out of an excluded act.

**II.     The trademark exclusion does not clearly apply.**

Continental relies on the following exclusion from the insurance policy at issue in arguing that it has no duty to defend. Therein, the policy provides that "[t]his insurance does not apply to":

> i. Infringement of copyright, patent, trademark or trade secret.
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

The policy language goes on to limit the scope of this exclusion as follows:

> However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

(*Id.*)

If anything about this language is clear, even after a studied reading, it is this - the exclusion

---

[1] Pimentel & Sons assert that the law of the case doctrine bars reconsideration of the issues determined in my November 16, 2005 Decision. Law of the case "is solely a rule of practice and not a limit on the power of the court." *Homans v. City of Albuquerque*, 366 F.3d 900, 904 (10th Cir. 2004). Its application is discretionary. *Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001). A district court may revise a non-final ruling at any time prior to entry of final judgment. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988); FED. R. CIV. P. 54(b). I find it appropriate to revisit the applicability of the trademark exception, but not the other issues because no new arguments were submitted with respect to those issues.

applies differently depending on the *category* of intellectual property at issue and the *context* in which the infringement occurs. Continental acknowledges as much in its motion papers when it concedes a duty to defend for a slogan, but not for a trademark. (Pl.'s Second Mot. Summ. J. at 8.) Here, however, the category of intellectual property at issue in this case is indiscernible from the record. Consequently, Continental's motion must fail as explained below.

Continental argues that the category of intellectual property at work here is "trademark." First, Continental would have the Court believe that Judge Browning, in the underlying suit, found and determined that the marks employed by Hector Pimentel were "exclusively" trademarks. Judge Browning neither found nor decided any such thing.

Judge Browning enjoined the Pimentel Co-defendants from violating the 1989 injunction. Therein, Judge Browning described the use of "several marks." (Judge Browning's Decision at 5.) Judge Browning also referenced a "trademark" registration received by the Pimentel Co-defendants; in fact, the registration he referred to was a *trade name*. (*See* Application for Registration of Tradename [sic] or Trademark and Certificate of Registration, Def. Ex. D (emphasis added)). Judge Browning makes clear that, for purposes of the preliminary injunction motion, the parties had agreed that "the Court did not need to decide the trademark issues at the preliminary injunction stage" (Judge Browning's Decision at 7). Finally, Judge Browning's decision was based on preliminary injunction considerations, which - by their nature - are tentative and non-binding at a subsequent trial on the merits. *Homans v. City of Albuquerque*, 366 F.3d 900, 904 (10th Cir. 2004). Therefore, contrary to Continental's position, Judge Browning did not determine that the marks are "exclusively" trademarks.

Second, Continental maintains that the "trademark" exclusion applies, but fails to establish

3

that the marks at issue are trademarks. When an insured's right to a defense hangs in the balance and an insurer relies on the language of its own creation to avoid providing a defense, is it too much to ask that precision be required? This Court thinks that it is not.

In arguing that the trademark exclusion relieves it of its duty to defend, Continental - in its own motion papers - uses the terms "trademark" and "trade name," interchangeably. Curiously, trade name is a term of art that neither appears nor is defined in their policy. More baffling still is the policy's use of the term trademark, which is not defined therein. Is the Court to assume that the terms trade name and trademark are synonymous? While they may be in the minds of the defense team, they certainly aren't synonymous under the law.

For example, according to the New Mexico Trademark Act the two terms have distinct meanings. *See* N.M. STAT. ANN. § 57-3B-3 (Mitchie 2004). Likewise, Professor J. Thomas McCarthy, a leading commentator on the subject, recognizes the terms' respective meanings. *See* J. Thomas McCarthy, TRADEMARKS AND UNFAIR COMPETITION §§ 412-414 (4th ed. 2006). Is one term a subset of the other? How do the terms relate, if at all? Further complicating the issue, is that the definition of the term trademark varies according to the context in which it is used. *See id.* § 419. What is its meaning here? How does the term trade dress, fit into the mix? All these questions, left unanswered on this record, are significant to the interpretation of a provision that purports to exclude coverage by differentiating between categories of intellectual property.

Professor McCarthy aptly describes the semantic confusion surrounding the basic legal terms used in trademark and unfair competition law as "Alice's Wonderland." Therein, he quotes the following exchange from that enduring tale:

"When I use a word," Humpty Dumpty said, in rather a scornful tone,

4

> "it means just what I choose it to mean—neither more nor less."
> "The question is," said Alice, "whether you can make words mean so many different things."
> "The question is," said Humpty Dumpty, "which is to be master—that's all."

*Id.* § 420 (quoting Lewis Carroll, *Through the Looking Glass*, Ch. 6.)

When faced with this "Alice's Wonderland" area of the law, Continental chose not to define the terms, "trademark" and "other intellectual property rights," in its policy. Now, Continental argues that the terms trademark and trade name "clearly" apply to the claims at hand. (Pl.'s Second Mot. Summ. J. at 8-9, 13.)

Like Humpty Dumpty, Continental wants to choose the meaning of its words to suit its own purposes. Such an approach is inconsistent with simple logic, principles of fairness, New Mexico law, and the Federal Rules of Civil Procedure. The Court declines to follow Continental down the rabbit hole. On this side of the looking glass, it is *not* clear that the trademark exclusion applies. Continental has failed to meet its burdens under New Mexico law and FED. R. CIV. P. 56(c).

### III. All claims against the insured did not arise out of an excluded act.

Exclusionary clauses must be narrowly construed in favor of coverage. *Knowles v. United Servs. Auto. Ass'n*, 113 N.M. 703, 705, 832 P.2d 394, 396 (1992). The duty to defend continues until the insurer establishes that "all claims arose out of an excluded act." *Lopez v. N.M. Pub. Schs. Ins. Auth.*, 117 N.M. 207, 209, 870 P.2d 745, 747 (1994). Any doubts about whether the allegations are within policy coverage must be resolved in favor of the insured. *State Farm Fire & Cas. Co. v. Ruiz*, 36 F. Supp. 2d 1308, 1312 (D.N.M. 1999).

The trademark exclusion only applies to infringement claims. Yet, Continental fails to acknowledge that the counterclaims are not limited to infringement claims. The Pimentel Co-

defendants sued, *inter alia*, for violations of the New Mexico Unfair Trade Practices Act, intentional interference with business relations, malicious abuse of prosecution, prima facie tort, intentional infliction of emotional distress, and breach of contract.  (Pl.'s Am. Compl. Exs. B and C.)

The trademark exclusion does not apply to non-infringement claims.  *See Advance Watch Co. v. Kemper Nat. Ins. Co.*, 99 F.3d 795, 802 (6th Cir. 1996) (concluding that misappropriation of advertising ideas encompasses use of interests other than those eligible for protection under statutory or common-law trademark law).  Although the pleadings of the Pimentel Co-defendants are not models of clarity, some of the claims are non-infringement claims. Continental has not established that all claims arose out of an excluded act.  Therefore, the trademark exclusion does not relieve Continental of its duty to defend.

**WHEREFORE,**

**IT IS ORDERED** that Continental's Second Motion for Summary Judgment (Doc. 44), filed on December 16, 2005, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**